UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MITCHELL A. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:11 CV 026 |
| | ) | |
| MAGISTRATE RICHARD L. | ) | |
| MCCORMICK AND HON. JOHN M. | ) | |
| MARNOCHA, et al | ) | |

**OPINION AND ORDER**

*Pro se* plaintiff, Mitchell A. Burton sued officers of the City of South Bend Police Department, St. Joseph County Deputy Prosecuting Attorney, Thomas Sanders ("Sanders"), St. Joseph Superior Court Magistrate Richard L. McCormick ("Magistrate McCormick"), St. Joseph Superior Court Judge John M. Marnocha ("Judge Marnocha"), and the St. Joseph County Jail alleging numerous Constitutional violations both during and after his arrest on December 25, 2010.

Presently, before the Court is a joint Motion to Dismiss [DE 10] filed by Defendants' Magistrate McCormick, Judge Marnocha and Sanders on January 25, 2011. Plaintiff responded on February 10, 2011 to which the Defendants replied on February 11, 2011. For the following reasons, the Defendants' Motion is GRANTED.

**Applicable Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor

1

of the plaintiff. *Williams v. Seniff,* 342 F.3d 774, 781 (7th Cir. 2003). The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir.2004) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The Supreme Court clarified the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly,* 127 S.Ct. 1955 (2007). That case abrogated the rule established in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, *Bell Atlantic,* 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively establish aright to relief. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atl.,* 127 S.Ct. at 1964). A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal citations omitted). "Once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp.,* 127 S.Ct. at 1969 (quoting *Sanjuan v. American. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994).

## Discussion

Burton was arrested on December 25, 2010 and charged with resisting law enforcement, and three counts of battery to a law enforcement officer. In his Complaint, Burton alleges he was attacked and beaten without provocation by three South Bend police officers, all of which he has named as defendants. Burton also sued the above-mentioned judicial officers and the deputy prosecuting attorney who filed the Information against him alleging that the judicial officers violated his due process and equal protection rights by failing to hold a timely bail hearing within seventy-two (72) hours of Burton's arrest; failed to provide him with a fair opportunity to challenge the evidence that kept him in custody; caused "unwarranted injury to financing;" and failed to provide him with adequate time to attend to his medical needs or to seek meaningful counsel. With respect to the deputy prosecuting attorney, Defendant Sanders, Burton takes aim at prosecutorial discretion claiming that he is being wrongfully pursued and that the three officers that attacked him should be charged. Because these allegations do not state a claim for relief, the claims against these Defendants will be DISMISSED.

A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction. See *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir.2006); *John v. Barron,* 897 F.2d 1387, 1391 (7th Cir.1990). Indeed, a judge will not be deprived of immunity even if the action he took was in error, was done maliciously, or was in excess of his statutory authority. *Barron,* 897 F.2d at 1391-1392.

Here, there are no allegations that the judicial officers sued acted without proper jurisdiction let alone without <u>any</u> jurisdiction. Further, Burton's allegations concede that the judicial officers acted within their jurisdiction in that he concedes they had authority to hold hearings, set bail, etc.

Indeed, upon his arrest, Burton was well within the jurisdiction of the judicial officers named and thus, their decisions are subject to judicial immunity.

Moreover, there is absolutely no question that the judicial officers in question acted within their judicial capacity. "Unlike a judge who fires a court employee, a judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity." *Barren,* 897 F.2d at 1392. All the acts about which Burton complains in his lawsuit are acts clearly within the judicial capacity of the judicial officers. For example, Burton complains that Judge Marnocha set a court order requiring him to return to court within six (6) days of posting bail. This action, he asserts, caused him financial injury as he lived outside the state of Indiana and had to return here. However, under Indiana law, the judge of a standard superior court has the same powers relating to the conduct of business of the court as the judge of the circuit court of the county in which the standard superior court is located. Ind. Code 33-29-1-4(1). Further, a circuit court may make all proper judgments, sentences, decrees, orders, and injunctions, issue all processes, and do other acts as may be proper to carry into effect the same in conformity with Indiana laws and Indiana's Constitution. Ind. Code 33-28-1-5(2). Accordingly, Burton has essentially conceded by his allegation that the setting of the hearing by Judge Manocha was within his judicial capacity.

There is similarly no claim against Magistrate McCormick. Burton argues that he was entitled to a bail hearing. However, under Indiana law, a right to pretrial bail does not attach until the initial hearing. An initial hearing held within 72 hours of arrest is deemed proper under Ind. Code 35-37-7-1(a). Here, an initial hearing was held and Burton posted bail on December 28, 2010. Thus, there is no claim against him.

Finally, Burton cannot state a claim against defendant Sanders for filing criminal charges

4

stemming from his arrest. Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *accord Burns v. Reed,* 500 U.S. 478, 491-92, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir.2000). A prosecutor is shielded by absolute immunity when he acts "as an advocate for the State" but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). These standards also apply to a prosecutor's acts in initiating *civil* proceedings as long the prosecutor is "functioning in an enforcement role analogous to" his role in criminal proceedings. *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir.1995); *accord Butz v. Economou,* 438 U.S. 478, 515-16, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (absolute immunity protects federal agency officials who instituted administrative proceedings); *Cooper v. Parrish,* 203 F.3d 937, 947 (6th Cir.2000) (absolute immunity protects prosecutor for filing public nuisance action and civil forfeiture complaint). Moreover, absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986).

Here, Burton alleges that Sanders acted improperly by charging him with criminal acts instead of the law enforcement officers that he contends attacked and beat him. This charging decision falls well within the prosecutor's discretion and function in an enforcement capacity. Accordingly, the Complaint fails to state a claim against Deputy prosecuting attorney Sanders.

## **CONCLUSION**

Based on the foregoing, the Defendants' Motion to Dismiss is GRANTED.

5

Entered: This 29th day of March, 2011.

                                                                                                       s/ William C. Lee
                                                                                                  United States District Court