UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MITCHELL A. BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:11 CV 026 |
| | ) |
| MAGISTRATE RICHARD L. | ) |
| MCCORMICK AND HON. JOHN M. | ) |
| MARNOCHA, et al | ) |

## OPINION AND ORDER

Presently before the court is PRO SE Plaintiff Mitchell A. Burton's ("Burton's") "Motion for Reconsideration" [DE 29] filed on April 15, 2011. In his motion, Burton seeks reconsideration of this Court's Opinion and Order dated March 29, 2011 [de 25] granting the Defendants' Motion to Dismiss. The Defendants did not respond to the present motion. For the following reasons, Burton's Motion for Reconsideration will be DENIED.

## DISCUSSION

In his original Complaint, Burton sued officers of the City of South Bend Police Department, St. Joseph County Deputy Prosecuting Attorney, Thomas Sanders ("Sanders"), St.Joseph Superior Court Magistrate Richard L. McCormick ("Magistrate McCormick"), St. Joseph Superior Court Judge John M. Marnocha ("Judge Marnocha"), and the St. Joseph County Jail alleging numerous Constitutional violations both during and after his arrest on December 25, 2010. In particular, Burton alleged that Sanders, in his role as deputy prosecuting attorney, wrongfully filed an Information against him; Magistrate McCormick violated his right to a bail hearing and wrongfully determined probable cause for his arrest; and Judge Marnocha caused him financial injury by

1

requiring him to return to court for a hearing six days after his bail hearing and ignored evidence in his case.

On January 25, 2011, Defendants Sanders, Magistrate McCormick, and Judge Marnocha filed a joint motion to dismiss wherein they argued that they were entitled to prosecutorial or judicial immunity for their respective roles in Burton's arrest and prosecution. On March 29, 2011, the undersigned granted the Defendants' Motion and concluding that Sanders was entitled to prosecutorial immunity and Magistrate McCormick and Judge Marnocha were entitled to judicial immunity. In his present motion, Burton argues with this conclusion and attempts to recast his case against these defendants to circumvent their immunity from suit.

Generally, motions for reconsideration are disfavored. "Federal district courts have hundreds of civil and criminal cases that require attention, and a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *United States v. Menominee Tribal Enterprises,* 2009 WL 1373952. As the Seventh Circuit has noted, the only proper basis for such a motion is when a party's argument has been misunderstood by the court being asked to reconsider. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). In this case, the court has not misunderstood the Defendant's arguments at all. He clearly argues that he believes he was wrongfully prosecuted, was not provided certain procedural protections to which he believes he was entitled, and that the entire criminal process involving him has been a sham. He further believes that the evidence in the case exonerates him, probable cause was wrongfully determined by the judicial officers, and that all the

2

defendants conspired against him.[1]

What is also clear, however, is that judges have absolute immunity from a civil suit for any judicial actions they undertake unless the judge acted in the absence of all jurisdiction. See *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir.2006); *John v. Barron,* 897 F.2d 1387, 1391 (7th Cir.1990). A judge will not be deprived of immunity even if the action he took was in error, was done maliciously, or was in excess of his statutory authority. *Barron,* 897 F.2d at 1391-1392. Thus, in this case, under Indiana law, the judicial officers in question had authority and jurisdiction to act. Whether they act wrongfully, maliciously or without any sense at all does not subject them to a civil action. *Stump v. Sparkman*, 435 U.S. 349 (1978).

The same is true for the deputy prosecutor in this case. Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *accord Burns v. Reed,* 500 U.S. 478, 491-92, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir.2000). A prosecutor is shielded by absolute immunity when he acts "as an advocate for the State" but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Here, Burton takes issue with the prosecutor's charging decision. This decision is purely within the realm of his authority as an advocate of the state and thus, he is entitled to the immunity for that decision.

In conclusion, Burton has not demonstrated any "misunderstanding" of the arguments he

---

[1] Burton's recitation of his disagreements with the charging decision and the probable cause determination are set out in detail in his Motion for Reconsideration.

made in response to the Defendants' Motion to Dismiss . Moreover, the state of the law is clear as to the claims against these defendants and they are therefore, entitled to immunity. The Motion for Reconsideration [DE 29] is, therefore, DENIED.

SO ORDERED.

This 11th day of May, 2011

s/ William C. Lee
United States District Court