# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MITCHELL A. BURTON, | ) |
| Plaintiff, | ) Cause No.: 3:11-CV-26 |
| v. | ) |
| JONATHON GRAY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Mitchell Burton's "Memorandum: To Show Good Cause to File Discovery Documents" filed first on October 7, 2011 (Docket # 42), and then again on October 21, 2011 (Docket # 49), which the Court deems to be a motion for an extension of time to complete discovery.[1] Defendants Officer Jonathon Gray, Officer Andrew Witt, Officer Erik Schlegelmilch, and St. Joseph County Jail oppose Burton's request, contending that he has not demonstrated good cause for an extension. (Docket # 51, 52.) For the following reasons, Burton's motion will be GRANTED.

### *A. Factual and Procedural History*

On January 18, 2011, Burton filed this 42 U.S.C. § 1983 case, contending that Defendants committed numerous civil rights violations, including excessive force and false arrest, in connection with his arrest on December 25, 2010, in South Bend,

---

[1] The content of Burton's two Memorandums is the same, except that the October 21st Memorandum omits two short paragraphs included in the October 7th Memorandum.

1

Indiana.[2] (Docket # 1.) On February 10, 2011, Burton filed a "Motion for Discovery," seeking to compel a now-dismissed Defendant to respond to his discovery request. (Docket # 20.)

On April 15, 2011, the Court entered a scheduling order, setting the following deadlines: May 13, 2011, for any amendments to the pleadings; October 14, 2011, for the completion of all discovery; and December 2, 2011, for the filing of dispositive motions. (Tr. 28.) That same day, Burton filed a motion seeking an extension of these deadlines, which the Court denied. (Docket # 30, 36.)

On October 7, 2011, prior to the close of discovery, Burton filed the instant motion seeking an extension of time to complete discovery. (Docket # 42.) That same day, he also filed a request for admissions directed to the Defendant Officers. (Docket # 43.)

On October 21, 2011, after the close of discovery, Burton filed an essentially duplicate copy of the October 7th motion seeking an extension of time to complete discovery. (Docket # 49.) That same day, he filed a request for the production of documents and a second request for admissions directed to the Defendant Officers. (Docket # 49, 51.) On October 31, 2011, Burton filed a request for admissions directed to the St. Joseph County Jail.[3] (Docket # 53.)

Defendants object to Burton's request for an extension, contending that he has not shown good cause for an extension. (Docket # 51, 52.)

---

[2] Burton also named several other Defendants, who have since been dismissed from the case. (*See* Docket # 1, 16, 25.)

[3] Oddly, the St. Joseph County Jail has not filed a motion to dismiss or a motion for summary judgment asserting that the Jail is not an entity that can be sued, as opposed to the Sheriff in his official capacity. *See Kunkle v. Cox*, No. 3:08-cv-100, 2010 WL 5391600, at *10-11 (N.D. Ind. Dec. 22, 2010) (collecting cases); *Fisher v. LaPorte Cnty. Jail*, No. 3:09-cv-369, 2010 WL 148316, at *3 (N.D. Ind. Jan. 11, 2010); *Vaughn v. Lake Cnty. Jail*, No. 3:09-cv-0072, 2009 WL 973493, at *2 (N.D. Ind. Apr. 9, 2009).

### B. Standard of Review

As a general rule, the discovery deadline sets the date by which all discovery must be completed; indeed, that was the formulation proposed by the parties and adopted by the Court here. Therefore, absent a stipulation, interrogatories, requests for production, and almost all discovery must be served at least thirty days prior to the completion of discovery. *See Shadle v. First Fin. Bank, N.A*, No. 1:09-cv-37, 2009 WL 3787006, at *1 (N.D. Ind. Nov. 10, 2009); *see, e.g.*, Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.").

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing Fed. R. Civ. P. 16(b)); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

### C. Discussion

As a threshold matter, Defendants contend that Burton's request for an extension to the discovery period "was not filed with this Court until after the deadline had already passed." (Docket # 51, 52.) Defendants, however, have conveniently ignored that Burton first filed this

motion on October 7, 2011 (Docket # 42), *prior to* the October 14th discovery deadline, and then filed it a second time on October 21, 2011 (Docket # 49). Defendants' mischaracterization of the record is not well-taken.

In support of his motion, Burton offers three reasons why good cause exists to extend the discovery period. He first cites his "heavy work load" of litigation, explaining that multiple Defendants are involved in this case; he is also representing himself in a criminal matter in St. Joseph Superior Court; and he currently lives in Louisiana, making his several court appearances in the criminal case demanding of his time, attention, and financial resources. (Pl.'s Mem. 2.) Next, Burton cites his "poor financial situation," stating that he "has been seeking and wants representation in this matter" but that his unemployed status and lack of funds have hindered his ability to retain counsel. (Pl.'s Mem. 2.) He reiterates that this inability to retain counsel has forced him to pursue litigation involving multiple parties at the same time, making it "infeasible" for him to complete discovery within the original six-month period. (Pl.'s Mem. 2-3.) And finally, Burton represents that he had to "attend to a serious medical condition throughout the discovery period" in that he "had suffered from an orbital eye fracture[] due to blunt force trauma to the head," which caused him severe headaches and emotional distress. (Pl.'s Mem. 3.)

Considering the foregoing, Burton has indeed made an effort to show why, despite his diligence, he was unable to complete discovery within the six months the parties originally allotted to themselves for the task. *See Tschantz*, 160 F.R.D. at 571 (explaining that a party must show that, despite his diligence, the time table could not have reasonably been met). Furthermore, this is not a case where Burton inexplicably stood by while Defendants did all the

4

discovery, as Burton timely served at least one discovery request to a now-dismissed Defendant and then followed it with a motion to compel. (Docket # 20, 32); *see, e.g.*, *Lackey v. Biomet, Inc.*, No. 1:09-cv-363, 2011 WL 672589, at *3 (N.D. Ind. Feb. 17, 2011) (denying *pro se* plaintiff's request for an extension to discovery where plaintiff "inexplicably stood by for nearly nine months while [the defendant] did all the discovery"). Considering the foregoing and his *pro se* status, Burton has established, albeit barely, good cause for a <u>brief</u> extension to the discovery period. *See generally Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996) ("[W]hile the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits . . . .").

Accordingly, the last day for the completion of all discovery will be extended until January 16, 2012. Defendants shall have thirty days from the date of this Order to respond to Burton's pending discovery requests, including his request for admissions (Docket # 43, 50, 53) and request for production of documents (Docket # 48). Of course, Burton is reminded that he is limited to twenty-five interrogatories and thirty requests for admission upon any party (Docket # 28), limits which this Court will ordinarily *not* increase, and that for discovery to be timely, it generally must be served at least thirty days prior to the discovery deadline. *See* Fed. R. Civ. P. 33(b)(2); *Shadle*, 2009 WL 3787006, at *1. No further extensions to the discovery period will be granted.

### *D. Conclusion*

For the forgoing reasons, Burton's "Memorandum: To Show Good Cause to File Discovery Documents" filed on October 7, 2011, which the Court deems to be a motion for an extension to discovery (Docket # 42), is GRANTED. Burton's second filing of the

5

"Memorandum: To Show Good Cause to File Discovery Documents" on October 21, 2011 (Docket # 49), is DEEMED MOOT. The last day for the completion of all discovery is extended until January 16, 2012, and the Court on its own motion extends the dispositive motions deadline until February 27, 2012.

SO ORDERED.

Entered this 2nd day of November, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge