UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MITCHELL A. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 3:11-CV-26 |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHON GRAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 action are the following motions: (1) "Motion for Extension of Time to Complete Discovery and for Filing Dispositive Motions," filed by Defendant Officers Jonathon Gray, Andrew Witt, and Erik Schlegelmilch on January 11, 2012 (Docket # 72), and (2) *pro se* Plaintiff Mitchell Burton's "Motion to Compel Discovery to the Defendant St. Joseph County Jail" and "Motion to Compel Discovery Production of Evidence," filed on December 12, 2011 (Docket # 62, 63). For the following reasons, the motions will be DENIED.

*A. Factual and Procedural History*

In this suit, Burton contends that Defendants committed numerous civil rights violations, including excessive force and false arrest, in connection with his arrest on December 25, 2010, in South Bend, Indiana. (Docket # 1.) On April 15, 2011, the Court entered a scheduling order, setting an October 14, 2011, deadline for the completion of all discovery and a December 2, 2011, deadline for the filing of dispositive motions. (Tr. 28.) That same day, Burton filed a motion seeking an extension of these deadlines, which the Court

1

denied. (Docket # 30, 36.)

On October 7 and 21, 2011, Burton again filed motions seeking an extension of time to complete discovery (Docket # 42, 49), which Defendants opposed (Docket # 51, 52). On November 2, 2011, this Court granted Burton's motions and extended discovery until January 16, 2012, and the dispositive motions deadline until February 27, 2012. (Docket # 54.)

On December 12, 2011, Burton filed the two instant motions to compel. (Docket # 62, 63.) Defendants responded on December 15 and 29, 2011, stating that, as of such date, they had produced all responsive documents in their possession. (Docket # 65, 68.) On January 11, 2012, Defendants Gray, Witt, and Schlegelmilch filed the instant motion for an extension of time to complete discovery. (Docket # 72.) Burton has failed to reply to his motions to compel or respond to Defendants' motion for extension, and the time to do so has now passed.

### B. *Legal Standard Concerning Extensions to Discovery*

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing Fed. R. Civ. P. 16(b)); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

*C. Discussion*

In support of their motion for an extension, Defendants state that their past attorney of record, John Broden, recently retired from the City of South Bend Legal Department, and withdrew as their representative in this case, and that Attorneys Jeffrey Sanford and Lawrence Meteiver entered an appearance on their behalf. (Mot. for Ext. ¶ 2; s*ee* Docket # 70, 71, 73.) Defendants suggest that this constitutes "good cause" for an extension, stating that Attorneys Sanford and Meteiver are not "familiar with the facts and circumstances of this case." (Mot. for Ext. ¶ 2.) Defendants further contend that there is a witness to the incident that they are attempting to locate. (Mot. for Ext. ¶ 3.)

However, "[t]here is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery." *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citation omitted). Moreover, Defendants adamantly *opposed* Burton's prior requests for extension of the discovery period. *See Carson*, 82 F.3d at 159 ("Shortcomings in counsel's work come to rest with the party represented.").

Furthermore, Defendants have made *no* effort to show why, despite their diligence, they were unable to locate the "witness to the incident" during the nine-month discovery period. *See Tschantz*, 160 F.R.D. at 571 (explaining that a party must show that, despite his diligence, the time table could not have reasonably been met); *see also Yessenow v. Hudson*, No. 2:08 cv 353, 2011 WL 3667488, at *4 (N.D. Ind. Aug. 22, 2011) ("The [C]ourt must assess the effort to conduct discovery by the parties' efforts throughout the pendency of

3

litigation rather than by the difficulties faced by the late appearance of counsel, and nothing has been presented to explain the defendants' lack of diligence in procuring discovery over the prolonged discovery period."). That is, Defendants have not explained what efforts they have taken, if any, to locate this witness to date.

As a result, Defendants have not established good cause for an extension to the discovery or dispositive motions deadline. Therefore, their motion will be DENIED.

As to Burton's two motions to compel, Defendants represented in their responses that all responsive materials in their possession have now been mailed to Burton. He did not file a reply, indicating that he apparently now has the documents he was seeking. Accordingly, his two motions to compel will be DENIED AS MOOT.

### *D. Conclusion*

For the foregoing reasons, Defendants' Motion for Extension of Time to Complete Discovery and for Filing Dispositive Motions (Docket # 72) is DENIED. Discovery is deemed closed, and the dispositive motions deadline remains February 27, 2012. (*See* Docket # 54.) Plaintiffs' Motion to Compel Discovery to the Defendant St. Joseph County Jail (Docket # 62) and Motion to Compel Discovery Production of Evidence (Docket # 63) are DENIED AS MOOT.

SO ORDERED.

Entered this 30th day of January, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge