UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MITCHELL A. BURTON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )    CAUSE NO.  3:11-CV-26 |
| | ) |
| **JONATHON GRAY, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Mitchell Burton's untimely motion to amend his complaint submitted on January 30, 2012, seeking to add the St. Joseph County Sheriff's Department and the St. Joseph County Sheriff as Defendants in this action. (Docket # 76.) Defendant St. Joseph County Jail filed an objection to Burton's motion on February 1, 2012, and Defendants Jonathan Gray, Andrew Witt, and Erik Schlegelmilch did the same five days later. (Docket # 81, 82.)  Burton has not filed a reply to the motion, and the time to do so has since passed.

Here, the deadline for amending the pleadings passed on May 13, 2011, that is, *more than eight months* before Burton filed the instant motion. (Docket # 28.)  Of course, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases).  "[T]o demonstrate good cause, a party must show that despite [his] diligence, the time table could not reasonably have been met." *BKCAP*,

2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

Burton, however, makes *no* attempt to explain why he filed his motion to amend more than eight months after the applicable deadline. Therefore, he has failed to establish "good cause" for the untimely amendment. *See generally Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is . . . well established that pro se litigants are not excused from compliance with procedural rules.").

Moreover, Defendants' assertion that they would be prejudiced by the untimely amendment is well taken. Discovery is closed (Docket # 75), and Defendants prepared a motion for summary judgment, which it filed on February 1, 2012 (Docket # 78), just two days after Burton filed his motion to amend. Defendants explain that their defense strategy might well have been different had Burton timely amended his complaint. "Courts have denied leave to amend where discovery has closed and a motion for summary judgment is pending finding that these circumstances constitute undue delay." *Kasak v. Vill. of Bedford Park*, 552 F. Supp. 2d 787, 793 (N.D. Ill. 2008) (denying untimely motion to amend where it was filed after defendants had prepared a summary judgment motion and would prejudice defendants). Undue delay is apparent here.

Therefore, because Burton has not established "good cause" for the belated motion and because Defendants would likely be prejudiced by the untimely amendment, Burton's motion to amend his complaint (Docket # 76) is DENIED.

SO ORDERED. Enter for February 22, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge