# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MITCHELL A. BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:11-CV-26 |
| | ) |
| JONATHON GRAY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Mitchell Burton's motion to amend his complaint submitted on February 29, 2012. (Docket # 94.) Burton seeks to add Officer Kyle Dombrowski as a Defendant in this action because the police car video, which he obtained in discovery in December 2011, purportedly shows that Dombrowski kicked him in the face during his arrest. (Docket # 97, 98.) Defendants object to Burton's motion, arguing in their very brief, conclusory responses that Burton's motion is untimely. (Docket # 95, 96.) Ultimately, because Burton shows good cause for his belated filing, his motion to amend will be GRANTED.

Here, the deadline for amending the pleadings passed on May 13, 2011, more than nine months before Burton filed the instant motion, and thus Burton's motion is indeed untimely. (Docket # 28.) A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "[T]o demonstrate good cause, a party must show that despite [his] diligence, the time table

could not reasonably have been met." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

Burton explains in his motion that he first learned of Dombrowski's alleged use of excessive force through viewing the police car video obtained in discovery in December 2011 (Docket # 97, 98)—*after* filing a motion to compel such evidence from Defendants (Docket # 63, 68). Specifically, he alleges that Dombrowski purportedly "kick[ed] [him] as he laid on the ground . . . ." (Docket # 98.) Burton also states that at his criminal trial in state court on February 14, 2012, Dombrowski "identified himself" on the video; prior to that time, however, Burton had been unable to identify the officer in the video. (Docket # 97.)

Burton also emphasizes that he is not seeking to add new claims against Defendants, but merely to add Dombrowski as a Defendant to his existing claims, thereby minimizing any potential prejudice to Defendants. (Docket # 97, 98.) In that regard, although discovery has closed and Defendants have filed a motion for summary judgment, Defendants do to not attempt to explain how they would be unduly prejudiced by the addition of Dombrowski as a Defendant. (*See* Docket # 95, 96.) Indeed, from the Court's brief review of their summary judgment motion (Docket # 88, 89), it appears that any prejudice could be easily cured by affording Defendants an opportunity to amend their existing summary judgment motion. Moreover, Defendants do not raise any other arguments in opposition to Burton's motion to amend, such as futility, bad faith, or dilatory motive. *See Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Of course, at the end of the day, leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)(2). Considering all of the foregoing, Burton has established "good

cause" for the belated amendment. Fed. R. Civ. P. 16(b)(4). Accordingly, his motion to amend his complaint (Docket # 94) is GRANTED. Burton is afforded until April 20, 2012, to file an amended complaint that *solely* adds Officer Dombrowski as a party to his existing claims. Burton will also need to have Dombrowski served with summons and the Amended Complaint, and the Clerk is DIRECTED to send a blank summons form to Burton for completion.

SO ORDERED.

Enter for April 3, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge