UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MITCHELL A. BURTON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   **CAUSE NO. 3:11-CV-026** |
| | ) |
| **JONATHON GRAY, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a Motion to Strike (Docket # 112) filed by Defendants, seeking to strike the entire amended complaint filed by *pro se* Plaintiff Mitchell Burton. For the following reasons, the motion will be DENIED.

### A. *Procedural Background*

Burton filed this suit against Defendants in January 2011, alleging that they committed numerous civil rights violations, including excessive force and false arrest, in connection with his arrest one month earlier. (Docket # 1.) On February 29, 2012, Burton filed a motion to amend his complaint (Docket # 94), seeking to add Officer Kyle Dombrowski as a Defendant because the police car video, which he obtained in discovery in December 2011, purportedly shows that Dombrowski kicked him in the face during his arrest (Docket # 97, 98). Finding good cause for the belated amendment, the Court on April 3, 2012, granted Burton leave to file an amended complaint "that *solely* adds Officer Dombrowski as a party to his existing claims." (Docket # 102.)

On April 24, 2012, Burton filed the amended complaint. (Docket # 106.) On May 23, 2012, Defendants filed the instant motion to strike, claiming that the amended complaint

contains "entirely different allegations and demands than were contained in the Plaintiff's first complaint." (Mot. to Strike. 1.)  Nevertheless, that same day Defendants filed an answer to the amended complaint (Docket # 113) and an amended motion for summary judgment (Docket # 114).  Burton has not responded to the motion to strike.

### *B.  Applicable Legal Standard*

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011).  The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### *C.  Analysis*

As stated earlier, Defendants in their cursory motion seek to strike Burton's entire amended complaint because it purportedly advances new allegations and demands, rather than simply adding Officer Dombrowski as a Defendant to the existing claims.  Defendants, however, never make the slightest effort to suggest what these new allegations or demands are, and since the amended complaint has apparently not stymied them in defending the case, their motion will

be denied.

In particular, Defendants "essentially invite[] the Court to scour the record looking for support for [their] arguments." *Carpet Serv. Int'l, Inc. v. Chicago Reg'l Council of Carpenters*, No. 09-cv-1083, 2010 WL 234912, at *3 (N.D. Ill. Jan. 14, 2010) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).  "The Court declines [Defendants'] invitation and will not undertake the inefficient task of painstakingly combing through the parties' submissions," *id*. (citing *Little*, 71 F.3d at 641), searching for variations between Burton's two complaints. *See Knapp v. Cnty. of Jefferson, Ill.*, No. 06-cv-4028, 2007 WL 496396, at *1 (S.D. Ill. Feb. 13, 2007) (stating that scouring the record "to find facts to fit into the defendants' arguments is the defendants' job, not the Court's").

Furthermore, there is no indication that Defendants will be prejudiced by Burton's amended complaint, as they have already filed an answer to it and an amended summary judgment motion. *See U.S. Liab. Ins.*, 2011 WL 221662, at *1; *Woodson v. Cook Cnty. Sheriff*, No. 96 C 3864, 1996 WL 604051, at *5 (N.D. Ill. Oct. 18, 1996) ("[P]leadings are generally not stricken unless the moving party will be prejudiced otherwise." (citation omitted)).  Moreover, Defendants baldly seek to strike Burton's amended complaint in its entirety, rather than only specific portions of it. *See id.* (explaining that even if the movant makes a showing of prejudice, the court will strike only the "clearly irrelevant, redundant, impertinent and prejudicial paragraphs" of a pleading).  Consequently, Defendants' motion to strike will be DENIED.

### D. Conclusion

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Amended Complaint

(Docket # 112) is DENIED.

    SO ORDERED.

    Enter for June 18, 2012.

                                            S/Roger B. Cosbey
                                            Roger B. Cosbey
                                            United States Magistrate Judge