UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MITCHELL BURTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 3:11cv26 |
| SOUTH BEND, IN POLICE OFFICERS JONATHON GREY, ERIK SCHLEGELMILCH, ANDREW WITT, and KYLE DOMBROWSKI, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a "Motion to Strike and Dismiss" filed by the defendants Jonathan Grey, Erik Schlegelmilch, Andrew Witt, and Kyle Dombrowski ("Officers"), on November 4, 2013. The plaintiff, Mitchell Burton ("Burton"), proceeding *pro se*, has declined to file a response.

For the following reasons, the motion will be granted.

Discussion

On October 2, 2012, this court entered an Order granting the Officers' motion for summary judgment. On October 25, 2013, Burton filed a "Demand for Lawful Compensation". In this pleading, Burton objects to the Order granting summary judgment and reiterates his view that he has a cause for lawful compensation against the Officers.

As the Officers note, Burton's time to appeal this court's Order has expired. Thus, Burton may proceed only if he meets the requirements of Rule 60 of the Federal Rules of Civil Procedure. Rule 60 provides that the court may relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect (2) newly discovered evidence; (3) fraud,

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. However, the motion must be filed within a reasonable time, generally no more than one year after the entry of the judgment or order. Fed.R.Civ.Pro. 60(c)(1).

Clearly, Burton's "demand" is untimely and may be dismissed on that basis. However, even considering Burton's pleading, there is no basis for this court to grant relief. The bulk of Burton's pleading recites that fact that Burton's criminal conviction was overturned by the Indiana Court of Appeals. Burton's original claims in this case arose out of events that transpired during Burton's arrest, as Burton had alleged the Officers had used excessive force causing him injuries for which he desired compensation. Burton is of the opinion that the Court of Appeals decision is evidence that his claims before this court should have been allowed to proceed. Burton argues the Court of Appeals "determined that there was no cause to prosecute Burton and that Burton was not liable for the unwarranted actions taken against him by [the Officers]." Burton Pleading at 2.

A review of the Court of Appeals decision reveals that the only issue before the court was whether the trial court should have tendered jury instructions that addressed Burton's right to defend himself and/or use force under the circumstances of the case. The Court of Appeals held that the DVD evidence, which partially showed the events leading up to Burton's arrest, "provides a strong evidentiary foundation that warrants the giving of the self-defense instruction." Appellate Decision at 8. The Court of Appeals further concluded that Burton was entitled to jury instructions on excessive force because "the DVD can be reasonably interpreted to show that Burton offered no resistance prior to being pulled from the car and only defensive

resistance...." Appellate Decision at 10.  As the jury was not properly instructed, the Court of Appeals ordered the trial court to vacate Burton's conviction.  The Court of Appeals did not, as Burton argues, hold that there was no cause to prosecute Burton.

In Burton's case before this court, in which summary judgment was entered in favor of the Officers, the legal issues were drastically different than those placed before the Indiana Court of Appeals.  In deciding the summary judgment motion, the primary issue was whether Burton (who would bear the burden of proof at trial) had mustered enough evidence to show a material fact to be presented to a jury.  This court held that Burton had not presented a disputed material fact showing that his Fourth Amendment rights had been violated and also held that, in any event, the Officers were protected by qualified immunity from suit.  Under the doctrine of qualified immunity, even if the Officers had been reasonably mistaken about the level of threat posed by Burton's actions at the time of his arrest, Burton's claims against them fail.

The court has reviewed Burton's current claims for relief from judgment and holds that, even if such claims were timely, they do not warrant any relief.  Accordingly, the Officers' motion to strike and dismiss will be granted.

## Conclusion

On the basis of the foregoing, the Officers' Motion to Strike and Dismiss [DE 133] is hereby GRANTED.

Entered: January 13, 2014.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court